S93A0007. BLOUNT et al. v. THE STATE.
(428 SE2d 83)

CLARKE, Chief Justice.

On October 21, 1991, appellant Willie Dell Blount (Dell) was beaten and kicked by two men during a fight near his home. After the fight, two witnesses to the fight (Harris and Daniels) drove Dell to see his brother, appellant Kirk Blount (Kirk). The Blounts then drove until finding the victim. The victim had the same haircut and was about the same height as one of Dell's assailants. Dell shot the victim from behind at a distance.

Several witnesses saw Kirk's car, heard the gunshots, and saw the car drive away. Harris testified that he heard Dell threaten to kill the assailants; however, Daniels said that he was with Harris at the time and heard no such threat. Leo Herring testified that he heard Dell tell Dell's father that "he already got one" of the men who beat him. Another witness heard Dell say that he did not mean to kill him.

The jury found both appellants guilty of malice murder and pos-

session of a firearm during the commission of a crime.[1]

1. Viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found Kirk and Dell Blount guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellants complain that the trial court erred in its charge on credibility of witnesses and impeachment of witnesses. Viewing the charge as a whole, we find no error. We also do not find that the trial court erred in failing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993 —
RECONSIDERATION DENIED APRIL 22, 1993.

Altman, Lane & Lilly, Harry J. Altman II, Short, Fowler & Castellow, Larkin M. Fowler, Jr., David E. Mullis, for appellants.

H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, for appellee.

---

[1] The shooting occurred on October 21, 1991, and the victim died on October 27, 1991. A grand jury indicted defendants on March 25, 1992. The jury convicted the defendants of malice murder and possession of a firearm in the commission of a felony on June 4, 1992, and the court sentenced the two to life imprisonment on that same day. The defendants filed their motion for a new trial on June 23, 1992. On August 3, 1992, defendants filed their second amendment to the motion for a new trial, which was denied on September 3, 1992. The notice of appeal was filed on September 8, 1992. The parties argued this case before this Court on January 11, 1993.